IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:09-cv-00356 |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER APPOINTING** |
| vs. ) | **McCALL REALTY, INC. AS** |
| ) | **RECEIVER FOR REAL** |
| PATRICIA BONNIFIELD, ) | **PROPERTY LOCATED AT** |
| ) | **640 INSPIRATION DRIVE,** |
| Defendant. ) | **ZEPHYR COVE, NV 89448** |
| ) | |

The plaintiff, the United States of America ("United States"), having requested an order appointing McCall Realty, Inc., as Receiver to take possession of and to arrange for the sale of certain real property located at 640 Inspiration Drive, Zephyr Cove, Nevada 89448 (the "subject property") more particularly described as follows:

> Lot 89, as shown on the official map of ZEPHYR KNOLLS SUBDIVISION UNIT NO. 4, filed in the office of the County Recorder of Douglas County, Nevada on October 14, 1957, as Document No. 12699.

and good cause having been found,

    IT IS THEREFORE ORDERED THAT:

    1.    Steve Costanza of McCall Realty, Inc. is appointed as a Receiver for the subject property for the purposes of assisting in the enforcement the settlement agreement dated December 8, 2006, between the United States and defendant Patricia Bonnifield, and in assisting in the enforcement of the internal revenue laws, pursuant to 26 U.S.C. §

7402(a).

2.  The Receiver is directed to take possession of the subject property, including all buildings, improvements, fixtures, appurtenances, materials, and equipment thereon, upon the vacation of the property by the current residents, to preserve and protect the value of that property, to put it into saleable condition, and to arrange for the sale of that property, free and clear of any rights, titles, claims, or interests of any lienholders and any of the parties to this action.

3.  The Receiver shall have the authority to arrange for the sale of the subject property, subject to confirmation by this Court, in any manner approved by the United States.  The terms of any purchase agreement shall include the balance of the purchase price paid in cash at closing, and may include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform.  The closing shall not occur until after the sale has been approved by further order of this Court.  At closing, the purchaser or purchasers shall receive a quitclaim deed to the subject property executed by the Receiver.  In the event a closing takes place prior to an order of this Court regarding the distribution of proceeds, the Receiver shall hold all of the proceeds of any sales of the property, net of any closing costs, including any earnest money deposits, in an interest-bearing account, in accordance with LR 66-8, until such time as this Court shall make a further order regarding the distribution of those proceeds.

4.  The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this order, specifically including, but not necessarily limited to, the

power to enter onto the subject property, to manage the property, to collect rents on the real property, to advertise the sale of the real property, and to take any action reasonably necessary to protect and preserve the value of the real property prior to sale, and to put it into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance and improvements, including, but not limited to, the purchase of property and liability insurance.

5. The provisions of LR 66-2 through 66-5, 66-9 and 66-10 are inapplicable to this case and shall not apply to this receivership.

6. The Receiver shall be compensated from the proceeds of the sale of the subject property: (a) in an amount equal to six (6) percent of the gross sale proceeds, and (b) for its reasonable and necessary expenditures to protect and preserve the value of the subject property that were first approved by the United States.

7. The defendant, Patricia Bonnifield, Allen Henry Bonnifield, and all other person(s) acting in concert with, or on either or both their behalf, are hereby restrained and enjoined from interfering in any way with the subject property, or with the Receiver, or with the Receiver's efforts to comply with its obligations under this Order, and any violation of this order may result in a fine, or incarceration, or both.

IT IS SO ORDERED.

DATED this 9th day of July, 2010.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE